UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERKSHIRE BANK,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH RECOVERY RESOURCES, LLC, M & K ASSET MANAGEMENT, LLC and JEFFREY T. P'POOL,<br>    Defendants. | Civil Action No. |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR PRELIMINARY INJUNCTION**

**STATEMENT OF FACTS**[1]

On or about September 29, 2017, the defendant, Commonwealth Recovery Resources, LLC ("Borrower") executed a promissory note in favor of the Bank in the original principal amount of $178,000.00 (the "Note"). The Note provided for one-hundred seventy-nine (179) equal monthly installments of $1,413.31 each beginning January 29, 2017, with a final payment due on September 29, 2032. In connection with the Note, Borrower executed a business loan agreement (the "BLA"). As security for the Note, Borrower executed and delivered to the Bank an aircraft security agreement (the "Security Agreement") granting the Bank a security interest in a 2006 Cirrus Design Corp SR22, S/N 1765, FAA Registration Number N283DD (the "Collateral"). The Bank duly perfected its security interest in the Collateral by recording with the Federal Aviation Administration.

---

[1] The Statement of Facts is drawn from the Verified Complaint. For ease of readability, citations have been omitted.

On or about September 29, 2017, the defendants, M & K Asset Management, LLC ("M & K") and Jeffrey T. P'Pool ("P'Pool", collectively with M & K, the "Guarantors") each executed and delivered to the Bank a guaranty, absolutely and unconditionally guaranteeing all obligations of Borrower under the Note (the "Guaranties").

The Borrower subsequently failed to make the required the required payments under the Note. By letter dated September 3, 2021, the Bank provided notice to Borrower and Guarantors of their payment default under the Note and Guaranties. Despite demand, the Borrower and Guarantors failed to pay the outstanding balance due the Bank under the Note and Guaranties. At no time have the defendants disputed the debt due the Bank, but notwithstanding, they have failed to pay the outstanding balance due the Bank. As of September 24, 2021, Borrower and Guarantors owe the Bank $133,304.26, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection, including attorneys' fees as provided for under the Note and Guaranties.

## ARGUMENT

### I. The Bank Is Entitled To Immediate Possession Of The Collateral Under The Terms Of The Security Agreement

Under the Security Agreement, upon Borrower's default, the Bank has all the rights of a secured party under the Uniform Commercial Code and the Bank can require Borrower to assemble the Collateral and make it available to the Bank at a place to be designated by the Bank. As such, by virtue of the Bank's perfected security interest in the Collateral, and Borrower's undisputed payment default, the Bank is entitled to the immediate possession of the Collateral under the parties' agreement.

The First Circuit's standard for granting a preliminary injunction is well settled. A party is entitled to preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure

if it can show that (1) it is likely to succeed on the merits of its claims, (2) it will suffer irreparable injury if the injunction is not granted, (3) such injury outweighs the harm which the other party will suffer if the injunction is not granted, and (4) the public interest, if any, will not be adversely affected by the granting of the injunction.  <u>United States v. Weikert</u>, 504 F.3d 1, 5 (1st Cir. 2007); <u>TEC Engineering Corp. v. Budget Molders Supply, Inc.</u>, 82 F.3d 542, 544 (1st Cir. 1996), *following remand*, 927 F. Supp. 528 (D. Mass. 1996).  The requirements for injunctive relief are met here.

### A. The Bank is Likely to Succeed on the Merits of its Claims

The Bank has a very strong likelihood that it will succeed on the merits of its claims under the Note.  The Borrower defaulted on the last payment due under the Note, and consequently owes the Bank $133,304.26 as of September 24, 2021, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection.  Borrower has not disputed its payment obligation to the Bank under the loan documents, and there are no known defenses to the Bank's right to immediate payment and possession of the Collateral as permitted under the Security Agreement.

### B. The Bank Will Suffer Irreparable Harm

Given that Borrower continues to use the Collateral for its sole benefit without making any payments to the Bank, it is clear that the Bank will continue to suffer irreparable harm if the Collateral pledged in connection with Note is not surrendered to the Bank forthwith. To allow Borrower to continue to use the Bank's Collateral will only serve to decrease the value of the Collateral to the continued detriment of the Bank.

### C. The Balance of Harm Strongly Favors The Bank

In weighing the likelihood that the moving party will suffer irreparable harm if the injunction is *not* granted against the possibility that the non-moving party will suffer harm if the

injunction *is* granted, the court does not operate in a vacuum. "To the extent that the defendant can show harm, this must be discounted by the degree to which that the plaintiff can show likelihood of success. The more foreseeable plaintiff's ultimate success, the less weight is to be given to the defendant's loss." *SEC v. World Radio Mission, Inc.*, 544 F.2d 535, 541-42 (1st Cir. 1976); *see also Concrete Mach., Inc. v. Classic Lawn Ornaments*, 843 F.2d 600, 612 (1st Cir. 1988).

Here, as a result of the payment default, the Bank has the contractual right to immediate possession of the Collateral. Other than continuing to use the Collateral for its benefit, notwithstanding its payment default, Borrower cannot show that it will suffer *any* legally compensable "harm" if the injunction issues. *See Dion v. Heckler*, 582 F. Supp. 872, 875 (D. Mass. 1984). The Bank thus has made a clear showing of 'a balance of hardships tipping decidedly toward [it as the] party requesting the preliminary relief.'" *Id., quoting Sonesta Int'l Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2nd Cir. 1973).

## CONCLUSION

For the foregoing reasons, Berkshire Bank respectfully requests that this Court enter an order enjoining the defendants, Commonwealth Recovery Resources, LLC, M & K Asset Management, LLC and Jeffrey T. P'Pool, from interfering with the enforcement of Berkshire Bank's rights under the Security Agreement and requiring them to surrender and deliver the Collateral to Berkshire Bank or its authorized agent at a location designated by it, along with such further relief as this Court deems just.

**BERKSHIRE BANK**

By its attorneys,

/s/ Robert B. Gibbons
Robert B. Gibbons, Esq., BBO #631049
William J. Morrissey, Esq., BBO #694938
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:     (508) 898-1502
rgibbons@mirickoconnell.com
wmorrissey@mirickoconnell.com

Dated: September 27, 2021